
FILED
SEP 26 2012
PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

---

| | |
|---|---|
| MINDY MITCHELL, as next friend on behalf of CHADWICK CORY CURTIS,<br><br>Petitioner,<br><br>vs.<br><br>SANDERS COUNTY JAIL,<br><br>Respondent. | Cause No. CV 12-165-M-DLC-JCL<br><br><br><br>FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |

---

On September 26, 2012, the Court received documents from Ms. Mindy Mitchell, purporting to file a federal habeas petition under 28 U.S.C. § 2254 on behalf of Chadwick Cory Curtis, who is presently detained at the Sanders County Jail.

Even assuming Mitchell is a duly qualified attorney at law, she is not admitted to the Bar of this Court and so cannot represent anyone other than herself in this Court. 28 U.S.C. § 1654; Judiciary Act of 1789, § 35, 1 Stat. 73, 92 (1789). While a "next-friend" habeas petition may be filed under certain circumstances, *e.g.*, *Whitmore v. Arkansas*, 495 U.S. 149, 161-64 (1990), neither a "next friend" nor an

"attorney in fact" may represent someone else in a court of law. Only an attorney admitted to the appropriate Bar may do that.

Mitchell also lacks standing to file a petition, even if she acted through counsel, as a next-friend to Curtis. She states that Curtis is represented by counsel, Written Witness Statement (doc. 1-1) at 7, and that she has been in touch with him regularly, *id.* at 4-7. He plainly does not require the extraordinary and unusual intervention of a "next friend." *Coalition of Clergy, Lawyers, and Professors v. Bush*, 310 F.3d 1153, 1159-60 (9th Cir. 2002).

On the face of the petition and the attached written statement, Mitchell lacks "next friend" standing, and she may not appear on Curtis's behalf in this Court in any case. The action should be dismissed. A certificate of appealability should be denied because there is no doubt about the correctness of the procedural ruling. *Lambright v. Stewart*, 220 F.3d 1022, 1026 (9th Cir. 2000) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Accordingly, IT IS HEREBY ORDERED as follows:

1. Mitchell's putative petition (doc. 1) should be DISMISSED.

2. A certificate of appealability should be DENIED.

3. The Clerk of Court should be directed to enter, by separate document, a

judgment of dismissal.

4. The Clerk should also be directed to note in the docket entry for the terminal order that dismissal of this petition is without prejudice to Chadwick Cory Curtis as he was not the filer of the petition.

DATED this 26th day of September, 2012.

_____
Jeremiah C. Lynch
United States Magistrate Judge